

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUL 20 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 2 1-312 |
| HECTOR RODRIGUEZ<br>DANIEL MUESSIG | [UNDER SEAL] |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| One | Conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance<br><br>From in and around April 2019, to in and around May 2019 | 21 U.S.C. § 846 | BOTH DEFENDANTS |
| Two | Possession with intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance<br><br>On or about May 24, 2019 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) | BOTH DEFENDANTS |

## II. ELEMENTS OF THE OFFENSES

A. **As to Count One:**

In order for the crime of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 846, to be established, the United States must prove all of the following essential elements beyond a reasonable doubt:

1. That two (2) or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and possess with intent to distribute a controlled substance and intending to join together with at least one (1) other alleged conspirator to achieve those objectives; that is, that the defendant and at least one (1) other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That marijuana is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(c)(10).

5. That the amount of marijuana attributable to the defendant as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him was 100 kilograms or more. 21 U.S.C. § 841(b)(1). (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

    **B.**    **As to Count Two:**

In order for the crime of possession with intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

    3.    That marijuana is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(c)(10).

    4.    That the mixture or substance containing a detectable amount of marijuana was 100 kilograms or more. 21 U.S.C. § 841(b)(1)(B)(vii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III.    PENALTIES

**A.**    **As to Counts One and Two: conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana; possession with intent to distribute 100 kilograms or more of marijuana (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846):**

    1.    A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

/s/ *Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774